UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-60533-CIV-COHN/SELTZER

IOAN GODICIU; MARIOARA GODICIU;
AUSTIN & LAURATO, P.A.; and HOWARD
LEVINE, ESQ.,

    Plaintiffs,

v.

J.P. MORGAN CHASE BANK, N.A.;
CW CAPITAL ASSET MANAGEMENT,
LLC; and NOVA CASUALTY COMPANY,

    Defendants.
_____/

## AMENDED ORDER DEFERRING RULING ON DEFENDANT CW CAPITAL ASSET MANAGEMENT'S MOTION TO DISMISS[1]

**THIS CAUSE** is before the Court on Defendant CW Capital Asset Management's Motion to Dismiss [DE 29] ("Motion"). The Court has considered the Motion, Plaintiffs' Response [DE 37], Defendant's Reply [DE 43], and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On March 26, 2012, Plaintiffs Ioan Godiciu; Marioara Godiciu; Austin & Laurato, P.A.; and Howard Levine, Esq., brought this suit against Defendants J.P. Morgan Chase Bank, N.A.; CW Capital Asset Management, LLC; and Nova Casualty Company, for events related to disbursal of insurance proceeds. In Count I, Plaintiffs seek declaratory relief establishing, among other things, that Plaintiffs rather than

---

[1] This Order has been amended solely to correct a typographical error in the title.

Defendants are entitled to the insurance proceeds at issue. Counts II, III, and IV each seek recovery of attorneys' fees.

In the instant Motion, Defendant CW Capital Asset Management, LLC ("CW Capital"), moves to dismiss the case, arguing that Plaintiffs have failed to establish subject matter jurisdiction and have failed to state a claim against CW Capital. As will be explained below, the Court cannot look to the merits of Plaintiffs' claims while the Court's subject matter jurisdiction remains in question. Therefore, the analysis will focus on the jurisdictional issue.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Here, Plaintiffs allege that subject matter jurisdiction exists based on complete diversity of citizenship between the parties. See 28 U.S.C. § 1332.

CW Capital is a limited liability company. For purposes of diversity, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently plead the citizenship of a limited liability company, a plaintiff must specify the citizenships of each member of the company. Mallory & Evans Contractors & Engineers, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011).

Attacks on subject matter jurisdiction come in two varieties, facial attacks and

factual attacks. Facial attacks assert that the plaintiff's allegations, taken as true, fail to establish the court's jurisdiction. Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Factual attacks, on the other hand, "challenge the court's jurisdiction in fact, irrespective of the pleadings." Id. In resolving factual challenges, the court may look outside the four corners of the complaint to determine if jurisdiction exists. See id.

### III. DISCUSSION

In the Complaint [DE 1], Plaintiffs alleged that CW Capital "is and was at all times material a foreign (non-Florida incorporated) corporation which engaged in a regular and systematic course of conduct in Florida, including Broward County, Florida." DE-1 ¶ 5. CW Capital asserts that, because it is a limited liability company, Plaintiffs must specifically plead the citizenship of the members of CW Capital in order to establish the Court's subject matter jurisdiction. Because Plaintiffs did not do so, CW Capital argues that diversity jurisdiction is inadequately pleaded, and the Court should dismiss the case. See DE 29 at 4. Plaintiffs respond that they have been unable to ascertain the citizenship of CW Capital's members, despite Plaintiffs' best efforts. See DE 37 at 4. Plaintiffs have filed a copy of CW Capital's 2012 Limited Liability Company Annual Report [DE 37-1], which lists the addresses of CW Capital's managers as being exclusively in Massachusetts, New York, and Maryland. Plaintiffs ask the Court to either grant discovery on the jurisdictional issue or, in the alternative, to require CW Capital to disclose the information necessary to determine the citizenship of its members. See DE 37 at 4-5.

It is clear that Plaintiffs have not sufficiently pleaded diversity jurisdiction.

See Mallory, 663 F.3d at 1305.  The issue, however, is whether CW Capital has made a facial or factual attack on the Court's jurisdiction.  Judge Moore dealt with a substantially similar situation in Brady v. Chrysler Group, No. 07-14394, 2008 WL 1957988 (S.D. Fla. May 5, 2008).  In Brady, the plaintiff brought suit in diversity against a defendant limited liability company and failed to allege the citizenship of each of the defendant's members.  Id. at *1.  There, as here, defendant moved to dismiss on the ground that the plaintiff had failed to demonstrate diversity.  Id.  The Court held that the subject motion to dismiss was a factual attack on jurisdiction because it asked the Court to consider extrinsic evidence to determine the defendant's citizenship.  The Court then permitted the plaintiff to conduct jurisdictional discovery.  Id.; see also Mallory & Evans, 663 F.3d at 1305 (finding that plaintiff failed to properly allege the citizenship of a defendant limited liability company, and granting plaintiff leave to amend its complaint).

This Court likewise concludes that the present situation is a factual dispute between the parties.  Plaintiffs have alleged that CW Capital is a foreign corporation, and have presented the Court with the information that is publicly available to help prove CW Capital's citizenship.  Defendant points out that these allegations are insufficient to plead diversity.  For Plaintiffs to sufficiently demonstrate diversity, however, they need CW Capital's cooperation.  Accordingly, the Court will grant jurisdictional discovery to allow Plaintiffs to ascertain the citizenships of CW Capital's members.

At this point, the Court will not address CW Capital's assertion that Plaintiffs have failed to state a claim against it.  "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v.

Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994). After jurisdictional discovery has been taken, CW Capital may renew its Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Ruling on Defendant CW Capital Asset Management's Motion to Dismiss [DE 29] is **DEFERRED** pending jurisdictional discovery;

2. Plaintiffs may conduct jurisdictional discovery to ascertain the citizenship of CW Capital Asset Management, LLC, and its members. The parties shall complete this limited discovery by no later than October 22, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of September, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF