UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60533-CIV-COHN/SELTZER

IOAN GODICIU; MARIOARA GODICIU;
AUSTIN & LAURATO, P.A.; and
HOWARD LEVINE, ESQ.,

    Plaintiffs,

v.

J.P. MORGAN CHASE BANK, N.A.;
CW CAPITAL ASSET MANAGEMENT,
LLC; and NOVA CASUALTY COMPANY,

    Defendants.
_____/

### ORDER REQUIRING DISCLOSURE OF JURISDICTIONAL FACTS

**THIS CAUSE** is before the Court upon the Joint Status Report on Jurisdictional Discovery [DE 80] ("Status Report"), filed by Plaintiffs Austin & Laurato, P.A., and Howard Levine, Esq. (together, "Attorney Plaintiffs") and Defendant CW Capital Asset Management, LLC ("CW Capital").[1]  The Court has carefully reviewed the Status Report and is otherwise fully advised in the premises.

On September 21, 2012, the Court issued an Order regarding CW Capital's Motion to Dismiss [DE 29] ("Motion").  See DE 49.[2]  In the Motion, CW Capital argued, *inter alia*, that Plaintiffs had not established diversity jurisdiction because they had not pleaded the citizenship of each member of CW Capital, a limited-liability company.

---

[1] The Status Report indicates that Plaintiffs Ioan Godiciu and Marioara Godiciu have not participated in the jurisdictional discovery addressed in this Order.

[2] On September 24, 2012, the Court issued an amended, substantively identical Order.  See DE 50.

Based on circuit precedent supporting CW Capital's position, the Court agreed that "[i]t is clear that Plaintiffs have not sufficiently pleaded diversity jurisdiction." DE 50 at 3; see Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. . . .  To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."); accord Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (per curiam).

Nevertheless, the Court found that a factual dispute existed regarding diversity jurisdiction and that "[f]or Plaintiffs to sufficiently demonstrate diversity . . . they need CW Capital's cooperation." DE 50 at 4.  The Court therefore "grant[ed] jurisdictional discovery to allow Plaintiffs to ascertain the citizenships of CW Capital's members." Id. The Court deferred ruling on CW Capital's Motion pending the jurisdictional discovery, which the parties were required to complete by October 22, 2012. See id. at 5.

On October 8, 2012, the Attorney Plaintiffs served interrogatories and production requests on CW Capital, seeking information about the citizenship of its members. For example, the Attorney Plaintiffs asked CW Capital to "provide a complete list of the members of CW Capital Asset Management, LLC, and for each member, please provide the State of the member's citizenship within the meaning of the diversity statute." DE 80-1 at 4, Interrog. No. 2.  CW Capital responded to this interrogatory as follows:  "CW Financial Services LLC — a Delaware limited liability company with its principal place of business located in Massachusetts." Id.  Similarly, the Attorney Plaintiffs requested, with respect to each member of CW Capital, "any document, log,

2

record or memoranda relating to (1) the current physical address(es) of the member; (2) the mailing address(es) of the member; (3) the business address(es) of the member; and (4) the domiciliary intent of the member." Id. at 10, Req. to Produce No. 2.  After stating certain objections to this request, CW Capital referred the Attorney Plaintiffs to "CW Financial Services LLC's Annual Report filed with the Secretary of the Commonwealth of Massachusetts, attached hereto as Exhibit 2." Id. at 11.  That document lists the state of organization and principal business address of CW Financial Services, LLC ("CW Financial"), as well as the names and addresses of CW Financial's managers.  See id. at 19, 21.

In the recently filed Status Report, the Attorney Plaintiffs maintain that CW Capital's discovery responses are insufficient.  The Court agrees.  As CW Capital knows from its earlier jurisdictional arguments, its discovery responses provide no information that identifies the company's citizenship.  Although CW Capital's interrogatory answer lists another limited-liability company, CW Financial, as the sole member of CW Capital, that response discloses nothing about the citizenship of CW Financial's members—the key fact in determining CW Financial's citizenship and, in turn, that of CW Capital.  See Rolling Greens MHP, 374 F.3d at 1022; see also Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC, 364 F.3d 858, 861 (7th Cir. 2004) ("[Defendant] is a limited liability company, which means that it is a citizen of every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC.").  CW Capital's production response is likewise deficient:  Though CW Financial's public filings include information about that company's managers, the documents reveal nothing about its members.

According to the Status Report, CW Capital has "denied having any specific knowledge regarding CW Financial Services LLC's members or their corresponding citizenship, but believes CW Financial Services LLC's members are composed of various limited liability companies and limited partnerships." DE 80 at 2.  The Court is skeptical of CW Capital's claim that, essentially, it does not know who its owners are.  In any event, while it is Plaintiffs' burden to establish complete diversity of citizenship, see Rolling Greens MHP, 374 F.3d at 1022, CW Capital is in a far better position to identify the citizenship of CW Financial.  And though the Court acknowledges the Attorney Plaintiffs' request to file a motion to compel and to seek further jurisdictional discovery, the Court finds it necessary to resolve this threshold issue in a more prompt and efficient manner—especially given the pending dispositive motions and upcoming trial date.

Accordingly, it is **ORDERED AND ADJUDGED** that by **November 2, 2012,** Defendant CW Capital Asset Management, LLC, shall file a statement listing all members of CW Financial Services LLC and detailing the citizenship of each of those members for purposes of diversity jurisdiction.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 24th day of October, 2012.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record

Ioan Godiciu and Marioara Godiciu
1106 N.E. 8th Street
Hallandale, FL  33009